1
2
3
4           UNITED STATES DISTRICT COURT
5           NORTHERN DISTRICT OF CALIFORNIA
6
7    JOSE HUBERTO MOLINA HERRERA,          Case No.  21-cv-02369-JSC
              Plaintiff,
8                                          **ORDER RE: MOTION TO DISMISS**
9         v.                               Re: Dkt. No. 15
10   MERRICK B GARLAND, et al.,
              Defendants.
11
12
13        Jose Huberto Molina Herrera brings claims for mandamus relief under the Administrative

14   Procedure Act ("APA") challenging the government's denial of his application for adjustment of

15   status.[1] (Dkt. No. 1 at 1, 15.)[2] Before the Court is Defendants' motion to dismiss on the grounds

16   that Plaintiff's application for adjustment of status was denied as a matter of discretion and such

17   determinations are exempt from judicial review. After careful consideration of the parties' written

18   submissions, and having had the benefit of oral argument on October 28, 2021, the Court

19   GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction.

20                                  **BACKGROUND**

21        Plaintiff, a citizen of Guatemala, entered the United States unlawfully in January 2002.

22   (Dkt. No. 1-1 at 2, 8–9.) Plaintiff was arrested in 2007 for driving without a license and was taken

23   into the custody of U.S. Immigration and Customs Enforcement. (*Id.* at 10–11.) Thereafter,

24   Plaintiff filed for asylum and applied for withholding of removal. (*Id.*) During Plaintiff's removal

25

26   _____

27   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c). (Dkt. Nos. 8, 11.)
28   [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

proceedings he was questioned and testified with the aid of an official interpreter regarding his fears about returning to Guatemala. (*Id.* at 194–96.) Plaintiff testified that he moved from his hometown to a city in Guatemala at 16 years of age after he was accused of murdering his neighbor's son.[3] (*Id.*) According to the removal proceedings transcript, the issue was resolved when Plaintiff "got an attorney and [] went to the higher courts in Guatemala, and everything turned out fine." (*Id.* at 195–96.) The Immigration Judge later stated that Plaintiff was "persecuted [sic], but was found not guilty, and the case was dismissed." (*Id.* at 14.) Plaintiff's asylum application was "pretermited [sic] because of the one-year bar" requiring asylum applications to be filed within one year after entry into the U.S. (*Id.* at 11.) Plaintiff's application for withholding of removal was denied and the Immigration Judge granted Plaintiff voluntary departure until January 15, 2010. (*Id.* at 14.)

Plaintiff appealed the Immigration Judge's removal decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 34.) The BIA remanded the case to the Immigration Court and a new hearing was scheduled for July 2012. (*Id.*) On January 31, 2012, Plaintiff was the victim of a robbery and attempted murder at his place of work. (*Id.* at 53.) After the incident, Plaintiff petitioned for U nonimmigrant status under Section 1255(m), which grants status and employment authorization for up to four year for victims of qualifying crimes who cooperate with law enforcement in the investigation or prosecution of those crimes. (*Id.* at 47–51); *see also* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464 (codified at 8 U.S.C. § 1101(a)(15)(U)). Plaintiff's petition for U nonimmigrant status was approved and the Immigration Judge handling Plaintiff's removal order granted Plaintiff's motion to administratively close the removal proceedings and later terminated the proceedings. (Dkt. No. 1-1 at 102, 109, 105.)

In 2018, Plaintiff applied to adjust his alien status from U nonimmigrant to permanent resident. (*Id.* at 115.) Section 1255(m) gives United States Citizenship and Immigration Services

---

[3] There is some discrepancy as to whether Plaintiff was 15 or 16 years old at the time of the murder investigation. (*Compare* Dkt. No. 13 ¶ 22 *with* Dkt. No. 1-1 at 14.) However, this factual inconsistency is not significant to the matter.

("USCIS"), as an agency of the Department of Homeland Security, authority to grant a U nonimmigrant's application to adjust his or her status to lawful permanent resident. 8 U.S.C. § 1255(m)(1). A U nonimmigrant requesting adjustment of status must submit evidence establishing that approval is warranted, that discretion should be exercised in the applicant's favor, and that the applicant complied with requests for assistance, if a request was made, in the investigation or prosecution of the crime under which U nonimmigrant status was granted. 8 C.F.R. §§ 245.24(d), (e). In response to Plaintiff's application, USCIS issued a "Request for Evidence," asking Plaintiff, in part, to explain his failure to disclose his "having been a defendant or the accused in a criminal proceeding." (Dkt. No. 1-1 at 145.) Plaintiff then provided USCIS with a signed statement that he was "only interrogated and investigated for murder in Guatemala and that [he] hired an attorney and [was] exonerated."[4] (*Id.*)

After receiving Plaintiff's statement and other evidence, USCIS denied Plaintiff's application for adjustment of status on evidentiary and discretionary grounds. (*Id.* at 147.) First, as to discretionary grounds, USCIS found that the mitigating factors did not outweigh the negative equities. In particular, USCIS explained that "[b]eing the accused in a murder investigation raises concerns about public safety and the risk to others," and that although requested, Plaintiff did not submit evidence that supported his statement that he was exonerated. (*Id.* at 146.) Indeed, the USCIS noted that the "only evidence" Plaintiff submitted in support of his request that the agency exercise its discretion to adjust his status were copies of tax returns. (*Id.*) The USCIS thus concluded that Plaintiff failed to meet his burden "of demonstrating that a favorable exercise of discretion is appropriate." (*Id.*)

Second, as to evidentiary grounds, the USCIS found that Plaintiff failed to complete his application with respect to question 25 on Form I-485 and to submit evidence of non-refusal to

---

[4] Plaintiff submitted the following additional pieces of evidence: a statement of continuous physical presence, correspondence with the California Police Department for the City of Hayward clarifying that Alameda County Sheriff's Office investigated the qualifying crime (of which Plaintiff was a victim) which allowed for Plaintiff's U nonimmigrant status, photocopies of Plaintiff's passports, and copies of Plaintiff's 2016 through 2018 U.S. Individual Income Tax Returns and W2s. (Dkt. No. 1-1 at 145.)

1    cooperate with law enforcement from the appropriate investigating agency, both statutory

2    requirements. (*Id.*) Plaintiff's failure to submit proper documentation was an additional reason for

3    the denial of Plaintiff's application for adjustment of status. (*Id.* at 147.)

4         After this initial denial, Plaintiff submitted a motion to reconsider. (*Id.* at 156.) According

5    to USCIS's response letter to Plaintiff's application, a motion to reconsider must include "the

6    reasons for reconsideration and be supported by any pertinent precedent decisions to establish that

7    the decision was based on an incorrect application of law or Service policy." 8 C.F.R. §

8    103.5(a)(3). Plaintiff must establish that the decision was "incorrect based on the evidence of

9    record at the time of the initial decision." *Id.* Additionally, Plaintiff "must specify the factual and

10   legal issues decided in error or overlooked in the initial decision or must show how a change in

11   law materially affects the prior decision." *In re O-S-G*, 24 I. & N. Dec. 56, 60 (BIA 2006). In his

12   motion, Plaintiff asserted that the government's waiver of Plaintiff's inadmissibility when granting

13   him U nonimmigrant status, if revisited, constituted *res judicata*; that "the Government is erecting

14   an impossible barrier to the grant of relief by denying the I-485 because he cannot provide any

15   documents from a thirty year old investigation"; and that the denial of Plaintiff's application for

16   failure to provide documents violated due process.[5] (Dkt. No. 1-1 at 157–60 (emphasis omitted).)

17   Plaintiff's motion to reconsider included a declaration regarding the murder investigation in which

18   he stated that he "was not guilty of murder in the criminal matter in Guatemala 30 years ago" and

19   that it was "a mere investigation" which "never resulted in a complaint." (*Id.* at 162.)

20        USCIS denied Plaintiff's motion to reconsider, explaining that, with respect to the

21   evidentiary basis for its original decision, Plaintiff failed to complete his application with respect

22   to question 25 and to produce sufficient evidence of non-refusal to cooperate with law

23   enforcement. (*Id.* at 165.) With respect to the discretionary basis, USCIS found that Plaintiff

24   lacked evidence to support his claim that he had been exonerated from the murder investigation

25   and therefore did not meet his "burden of demonstrating that a favorable exercise of discretion"

26

27   _____

     [5] Plaintiff made his *res judicata* argument in his motions for reconsideration and amended

28   complaint, (Dkt. No. 1-1 at 13), but withdrew it in his response to Defendants' motion to dismiss,
     (Dkt. No. 16 at 5).

United States District Court
Northern District of California

1   was appropriate. In response to Plaintiff's attorney's argument that the agency was erecting an

2   impossible barrier for Plaintiff by requiring him to submit evidence of exoneration from a 30-year-

3   old investigation, USCIS noted that the record "does not contain any evidence that [Plaintiff]

4   made any attempts to obtain evidence in support of [his] statement or obtain any criminal

5   clearances from Guatemala" to indicate Plaintiff did not have a criminal history in the country. (*Id.*

6   at 165–66.)

7         In a second motion to reconsider, Plaintiff argued primarily the same propositions as his

8   first motion—that his previous U nonimmigrant status "waiver covers all grounds of

9   inadmissibility" and that Plaintiff's declaration that he could not obtain evidence from the murder

10  investigation should be sufficient evidence for USCIS to render a discretionary decision in favor

11  of granting Plaintiff's application. (*Id.* at 180–83.) USCIS denied reconsideration a second time,

12  for the same reasons as the initial denial. (*Id.* at 186.) This APA lawsuit followed.

**LEGAL STANDARD**

14        A defendant may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R.

15  Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of establishing jurisdiction.

16  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court may consider

17  evidence outside the pleadings as necessary in resolving factual disputes as to jurisdiction. *Ass'n*

18  *of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

**DISCUSSION**

20        Defendants move to dismiss the APA claim on the grounds that the Court lacks subject

21  matter jurisdiction since USCIS's denial of Plaintiff's status adjustment application was

22  discretionary.

23  **I.     Section 701(a) of the APA Bars Judicial Review**

24        "The default rule is that agency actions are reviewable under federal question jurisdiction,

25  pursuant to 28 U.S.C. § 1331[,] . . . even if no statute specifically authorizes judicial review." *ANA*

26  *Int'l, Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004); 5 U.S.C. § 702 ("A person suffering legal

27  wrong because of agency action, or adversely affected or aggrieved by agency action within the

28  meaning of a relevant statute, is entitled to judicial review thereof."). Thus, statutes are presumed

United States District Court
Northern District of California

5

to allow judicial review of agency actions. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020) ("We have consistently applied the presumption of reviewability to immigration statutes.") (citations omitted); *see also Kucana v. Holder*, 558 U.S. 233, 251 (2010) (stating that "the presumption favoring judicial review of administrative action" is a "familiar principle of statutory construction"). This presumption in favor of judicial review of agency action "is overcome only in two narrow circumstances"—either through statutory preclusion or when "agency action is committed to agency discretion by law." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 719 (9th Cir. 2011); 5 U.S.C. § 701(a)(1)–(2).

### A. Section 701(a)(1): Statute Precludes Judicial Review

The statutory preclusion exception to the presumption in favor of judicial review applies here. 5 U.S.C. § 701(a)(1) ("This chapter applies, according to the provisions thereof, except to the extent that—(1) statutes preclude judicial review . . . ."). Plaintiff's status adjustment application was submitted under Section 1255(m)(1). Section 1252(a)(2)(B)(i) precludes judicial review of Section 1255(m)(1) status adjustment applications: "[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title . . . ." 8 U.S.C. § 1252(a)(2)(B)(i). Thus, Plaintiff is not entitled to judicial review of his status adjustment application under the APA's presumption of reviewability.

### B. Section 701(a)(2): Agency Discretion Precludes Judicial Review

The agency discretion exception to the reviewability presumption also applies. 5 U.S.C. § 701(a)(2) ("This chapter applies, according to the provisions thereof, except to the extent that . . . (2) agency action is committed to agency discretion by law."). The statute controlling Plaintiff's status adjustment application states that the agency "*may* adjust the status of an alien [if] *in the opinion* of the [agency], the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." 8 U.S.C. § 1255(m)(1) (emphasis added). Section 1255 is included in the list of determinations the Supreme Court agrees are "substantive decisions . . . made by the Executive in the immigration context as a matter of grace" and are thus discretionary determinations. *Kucana*, 558 U.S. at 247–48; *see also Catholic Charities C.Y.O. v. Chertoff*, 622 F. Supp. 2d 865, 880 (N.D. Cal. 2008) (finding lack of

6

1   standing to assert a claim for issuance of a U visa or granting of status adjustment as "the

2   applicable statutes do not mandate a particular outcome or confer any established or protected

3   interest" in the grant of status adjustment).

4          The USCIS's ultimate decision and weighing of the factors in granting or denying

5   Plaintiff's status adjustment application is a discretionary determination. *See Kucana*, 558 U.S. at

6   247–48. Thus, Plaintiff is not entitled to judicial review of USCIS's discretionary determinations

7   regarding his status adjustment application under the APA's presumption of reviewability. *See* 5

8   U.S.C. § 701(a)(2).

9   **II.     District Court Review of Nondiscretionary Decisions**

10         District courts do have jurisdiction to hear challenges to final agency actions made on

11  nondiscretionary grounds, including constitutional challenges. *See Mamigonian v. Biggs*, 710 F.3d

12  936, 946 (9th Cir. 2013) ("[D]istrict courts maintain jurisdiction to hear cases under the APA

13  challenging final agency determinations respecting eligibility for the immigration benefits

14  enumerated in § 1252(a)(2)(B)(i) made on nondiscretionary grounds when there are not pending

15  removal proceedings at which the alien could seek those benefits."); *Kwai Fun Wong v. United*

16  *States*, 373 F.3d 952, 963 (9th Cir. 2004) ("[D]ecisions that violate the Constitution cannot be

17  'discretionary,' so claims of constitutional violations are not barred by § 1252(a)(2)(B)."); *see also*

18  *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1069 (N.D. Cal. 2014) (jurisdiction over claims alleging

19  unreasonable delay in processing status adjustment applications); *Qubadi v. Hazuda*, No. CV 14-

20  06310 MMM, 2015 WL 10939542, at *5 (C.D. Cal. Aug. 10, 2015) (jurisdiction to review denial

21  of status adjustment application based solely on finding of statutory ineligibility under 8 U.S.C. §

22  1182(a)(3)(B)); *Mugomoke v. Hazuda*, No. 13-cv-00984-KJM-KJN, 2014 WL 4472743, at *3

23  (E.D. Cal. Sept. 11, 2014) (jurisdiction to review plaintiff's admissibility for status adjustment

24  from asylee to permanent resident under 8 U.S.C. § 1159(b)(5)); *Mamigonian v. Biggs*, No. 2:13-

25  980 WBS DAD, 2014 WL 5426529, at *4 (E.D. Cal. Oct. 23, 2014) ("USCIS's finding of

26  'preconceived intent' was flawed by an erroneous interpretation of the law.").

27         Thus, for the Court to have jurisdiction, two elements must be shown: (1) a final agency

28  action, and (2) a nondiscretionary determination.

United States District Court
Northern District of California

7

United States District Court
Northern District of California

### A.  Final Agency Action

Final agency actions include denials of status adjustment if no removal proceedings are pending. *See Mamigonian*, 710 F.3d at 946; *see also Cabaccang v. U.S. Citizenship & Immigr. Servs.*, 627 F.3d 1313, 1317 (9th Cir. 2010) ("Without a pending removal proceeding, a denial of status adjustment is final because there is no appeal to a superior administrative authority. On the other hand, when removal proceedings are pending, further administrative relief is available.") (citations omitted). Defendants do not contend that removal proceedings are pending; accordingly, for the purposes of resolving Defendants' motion to dismiss, the Court assumes the agency action is final.

### B.  Nondiscretionary Decision

Plaintiff has not established that he is challenging a nondiscretionary decision over which this Court would have jurisdiction. He argues that USCIS exercised its discretion in an "irrational and capricious manner" by basing its denial of Plaintiff's application for status adjustment primarily on an old criminal investigation. However, whether he contends the agency's reliance on that evidence violated his due process rights or was otherwise unlawful, he cites nothing in the record to support a finding that he is not otherwise challenging the agency's weighing of the evidence in the exercise of its discretion. *See Bazua-Cota v. Gonzalez*, 466 F.3d 747, 749 (9th Cir. 2006) ("In an attempt to invoke our jurisdiction over this petition for review, Petitioner contends that the BIA and [immigration judge] violated his right to due process by failing to properly weigh the equities and hardship before denying his application for adjustment of status. This argument is an abuse of discretion challenge re-characterized as an alleged due process violation.").

Plaintiff's insistence that the agency has erected an impossible barrier by requiring Plaintiff to produce evidence from a 30-year-old investigation misstates the record. In response to that very argument, USCIS found that the record was devoid of even an *attempt* by Plaintiff to locate evidence supporting his assertion that he was exonerated. (Dkt. No. 1-1 at 166 ("USCIS must note that [Plaintiff's] record does not contain any evidence that [he] made any attempts to obtain evidence in support of [his] statement or obtain any criminal clearances from Guatemala to indicate that [he does] not have a criminal history in the county.").) At oral argument Plaintiff

1   asserted that USCIS's finding was erroneous because his declaration submitted to the agency

2   spelled out how his family members had attempted to acquire the evidence. Not so. Plaintiff's

3   declaration is conclusory and makes no mention of family members attempting to obtain records

4   at various courts. (*Id.* at 162 ("I took all reasonable efforts to find any documentation regarding a

5   mere investigation 30 years ago.").) Plaintiff has not shown that it was unconstitutional or

6   otherwise unlawful for the agency to consider that Plaintiff had not established that he made any

7   concrete efforts to obtain the evidence the agency sought.

8        Plaintiff's reliance on *Xiao Fei Zheng v. Holder*, 644 F.3d 829 (9th Cir. 2011), to establish

9   jurisdiction is also misplaced. In that case, the petitioner applied for Section 212(c) relief from

10  removal due to a criminal conviction.[6] *See Zheng*, 644 F.3d at 831. Following the immigration

11  judge's denial of relief, and the BIA's affirmance, the petitioner appealed to the Ninth Circuit. The

12  Ninth Circuit noted that "the BIA abuses its discretion when it fails to consider all favorable and

13  unfavorable factors bearing on a petitioner's application for § 212(c) relief" but that "[t]here are

14  no rigid requirements beyond the need for comprehensive consideration." *Id.* The court held that

15  "the BIA failed to consider all of the positive factors bearing on Petitioner's application for §

16  212(c) relief because it did not consider his value and service to the community." *Id.* Ample

17  evidence existed of the petitioner's value and service to the community including numerous letters

18  from leaders of community organizations attesting to the petitioner's work, all of which the BIA

19  failed to consider. *Id.* at 834.

20        *Zheng* does not help Plaintiff. First, the Ninth Circuit had jurisdiction pursuant to 8 U.S.C.

21  § 1252(a)(2)(D) ("Nothing ... shall be construed as precluding review of constitutional claims or

22  questions of law raised upon a petition for review filed with an appropriate court of appeals ....").

23  It thus says nothing about the jurisdiction of a district court. Second, the statute at issue here

24  states that the agency "*may* adjust the status of an alien [if] *in the opinion* of the [agency], the

25  alien's continued presence in the United States is justified on humanitarian grounds, to ensure

26

27  _____
    [6] Section 212(c) was repealed by Congress effective April 1, 1997 but was still applicable to
    "permanent residents who pled guilty to crimes prior to the repeal . . . if they would have been

28  eligible at the time of their plea." *Zheng*, 644 F.3d at 833 (citing *INS v. St. Cyr*, 533 U.S. 289, 326
    (2001)).

United States District Court
Northern District of California

1    family unity, or is otherwise in the public interest." 8 U.S.C. § 1255(m)(1) (emphasis added).

2    Unlike the BIA in *Zheng*, USCIS in this case considered all positive factors, including Plaintiff's

3    long history in the United States, Plaintiff's stable and continuous employment, and Plaintiff's

4    United States family ties. In the exercise of its discretion, USCIS decided those positive factors

5    did not outweigh the negative factors and that Plaintiff had not met his burden. *Zheng* does not

6    suggest this Court has jurisdiction to review that discretionary determination.

7            Plaintiff also claims that it was legal error for USCIS to consider his juvenile criminal

8    history, especially because he was not convicted of a crime. Plaintiff cites to *In re Devision*, 22 I.

9    & N. Dec. 1362 (BIA 2000), to support his argument. In that decision, the BIA held that an

10   adjudication of a youthful offender does not constitute a judgment of conviction for a crime under

11   the INA. The BIA specified that "findings of juvenile delinquency are not convictions for

12   immigration purposes." *In re Devision*, 22 I. & N. Dec. at 1365. However, the determinations

13   made by the USCIS in denying or granting an application for status adjustment do not require a

14   particular wrongful act, such as a conviction for murder, but only a balancing of different factors.

15   *See Rashtabadi v. INS*, 23 F.3d 1562, 1570 (9th Cir. 1994). Plaintiff does not cite any statute or

16   case suggesting that admitted involvement in a criminal murder investigation as a juvenile cannot

17   be considered by the USCIS in exercising its discretion to grant or deny status adjustment

18   applications. *See In re Thomas*, 21 I. & N. Dec. 20, 23 (BIA 1995) (en banc) (explaining that the

19   BIA may consider "evidence of unfavorable conduct, including criminal conduct which has not

20   culminated in a final conviction"); *see also Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810–14 (9th

21   Cir. 1994) (alien's narcotics arrest was a factor in denial of discretionary relief from deportation

22   even if crime was expunged).

23           Finally, Plaintiff complains that USCIS relied on Plaintiff's testimony to the Immigration

24   Judge that he was "accused for the death of a son of a neighbor. For that he was persecuted [sic],

25   but was found not guilty, and the case was dismissed." (Dkt. No. 1-1 at 14.) Plaintiff now declares

26   that he was only investigated for the murder. (Dkt. No. 1-1 at 162.) Plaintiff is essentially insisting

27   that USCIS had to accept his later declaration over his testimony under oath before the

28   Immigration Judge. Not so. *See Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1153 (9th Cir. 2015)

United States District Court
Northern District of California

10

("A fact-intensive determination in which the equities must be weighed in reaching a conclusion is a prototypical example of a discretionary decision."). At bottom, Plaintiff is challenging USCIS's exercise of its discretion. Since USCIS is not prohibited by statute or precedent from considering, in its discretion, Plaintiff's involvement in a murder investigation as a determinatively negative factor weighing against Plaintiff's application, the challenged issue is not based on nondiscretionary grounds. Thus, the Court lacks jurisdiction to review USCIS's denial of Plaintiff's application for status adjustment.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss the APA claim for lack of subject matter jurisdiction is GRANTED without prejudice.

This Order disposes of Docket No. 15. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

11